IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRYL RIGGINS, | ) | |
| AIS #184051, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-401-TWO |
| | ) | |
| | ) | |
| PRISON HEALTH SERVICES AT | ) | |
| HOLMAN PRISON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Darryl Riggins ["Riggins"], a state inmate, alleges that his constitutional rights are being violated during his confinement at the Holman Correctional Facility ["Holman"]. Specifically, Riggins complains that nurses on the first shift at Holman are denying him adequate treatment for his seizures. *Plaintiff's Complaint* at 4 ("The nurses on first shift does not carry out the doctor['s] orders of giving me a shot to help with my seizures."). The Holman Correctional facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern

District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## DISCUSSION

A civil action filed by an inmate under the authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The named defendant as well as all individuals the plaintiff contends are personally responsible for the alleged inadequate medical treatment provided to him are located in the Southern District of Alabama. All of the actions about which the plaintiff complains are

---

[1] In light of the 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no ruling on the plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama. However, the court notes that the plaintiff is in violation of the "three strikes" provision of 28 U.S.C. § 1915(g) as he "has on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See Riggins v. Coody*, Civil Action No. 2:99-CV-1230-T (M. D. Ala. 1999), (2) *Riggins v. Hightower, et al.*, Civil Action No. 2:99-CV-952-A (M.D. Ala. 2000), and (3) *Riggins v. Hightower*, Civil Action No. 2:99-CV-722-A (M.D. Ala. 1999). This court likewise summarily dismissed a case containing similar claims with respect to medical treatment provided to the plaintiff at the Kilby Correctional Facility. *See Riggins v. Robinson, et al.*, Civil Action No. 2:04-CV-948-F (M.D. Ala. 2004).

occurring within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the claims asserted by the plaintiff are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before May 19, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of May, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE